Voto particular disidente emitido por el
Juez Presidente Señor Hernández Denton,
al cual se une la Jueza Aso-ciada Señora Fiol Matta.
El Estado Libre Asociado de Puerto Rico, el Departa-mento de Educación y el Sistema de Retiro para Maestros de Puerto Rico comparecen mediante la “Urgente moción de reconsideración”. Nos solicitan que reconsideremos la paralización de la Reforma al Sistema de Retiro de Maestros, ordenada por una mayoría de este Tribunal el 14 de enero de 2014. En esa ocasión, estuvimos de acuerdo con la certificación de este caso y el nombramiento del Comisio-nado Especial, pues entendimos que ello nos permitiría resolver las controversias planteadas con la rapidez con que siempre hemos atendido los casos adelantados ante nues-tra consideración mediante el recurso de certificación intrajurisdiccional.(1) Sin embargo, no estuvimos de *107 acuerdo con la decisión de paralizar los efectos de la refe-rida Reforma, por entender que no se cumplían con los requisitos para suspender los efectos de una ley. Mantene-mos nuestra oposición a la paralización de los efectos de la Ley Núm. 160-2013. Por ello, declararíamos “con lugar” la Urgente Moción de Reconsideración presentada.
De otro lado, la Asociación de Maestros de Puerto Rico (Asociación de Maestros) presentó una Moción Urgente Solicitando Extensión de Términos, en la que reconoció que no está preparada para litigar el caso y nos solicita casi un mes adicional para poder presentar su evidencia. Su solicitud también tomó en consideración que la parte demandante en EDUCAMOS v. Sistema de Retiro para los Maestros de Puerto Rico y otros, CT-2014-3, nos solicitó que certificáramos su demanda y la consolidáramos con la de epígrafe. Esta moción demuestra que, en efecto, lo más conveniente es que el caso siga su curso ordinario ante el Tribunal de Primera Instancia y no sea adelantado ante nuestra consideración mediante el recurso de certificación intrajurisdiccional. De esta forma, la Asociación de Maestros podrá tener lo que en efecto reclama, su día en corte, para presentar la evidencia y fundamentar su reclamo le-gítimo sobre menoscabo de relaciones contractuales de los maestros y maestras a quienes representa.
Por consiguiente, reconsideraríamos, además, nuestra decisión de certificar el caso y lo devolveríamos al Tribunal de Primera Instancia para que lo atienda con premura.
I
Con relación a la paralización de la Reforma al Sistema de Retiro de los Maestros, es pertinente examinar la nor- *108 mativa sobre la concesión del recurso extraordinario de injunction preliminar.
El Art. 678(3) del Código de Enjuiciamiento Civil, 32 LPRA see. 3524, dispone lo siguiente:
No podrá otorgarse un injunction ni una orden de entredi-cho [...] [piara impedir la aplicación u observancia de cual-quier ley de la Asamblea Legislativa de Puerto Rico [...] a menos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable que dicha ley o actuación autorizada por ley es inconstitucional o inválida.
........
Disponiéndose, sin embargo, que el tribunal podrá dictar dicha orden de entredicho provisional, injunction preliminar o permanente sujeto a los términos de la Regla 57 de Procedi-miento Civil:
(a) En aquellos casos en que ello sea indispensable para hacer efectiva su jurisdicción y previa una determinación de que la orden es indispensable para evitar un daño irreparable a la parte peticionaria.
(b) Cuando en la petición se alegue que alguna persona, bajo la autoridad de alguna ley, ordenanza, o reglamento del Estado Libre Asociado de Puerto Rico, esté privando o sea el causante de que alguien esté privando al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o por la Constitución o leyes de los Estados Unidos de América que sean aplicables a las personas bajo la jurisdicción del Estado Libre Asociado de Puerto Rico.
Por otra parte, la actual Regla 57.2(b) de Procedimiento Civil, 32 LPRA Ap. V, requiere la celebración de una vista para considerar una solicitud de “injunction” preliminar. Véase, además, D. Rivé Rivera, Recursos extraordinarios, San Juan, Ed. UIAPR, 1989, pág. 28. Ello no es un tecnicismo procesal, sino más bien una manera de garantizar a las partes la oportunidad de ser oídas y presentar su prueba, cumpliendo con el debido proceso de ley. Véase Rivé Rivera, op.cit. Más adelante, la Regla 57.3 de Procedimiento Civil, supra, dispone que, para decidir si procede la expedición del recurso, el Tribunal debe considerar los factores siguientes:
*109 (a) la naturaleza del daño a que está expuesto la parte pe-ticionaria;
(b) la irreparabilidad del daño o la inexistencia de un reme-dio adecuado en ley;
(c) la probabilidad de que la parte promovente prevalezca;
(d) la probabilidad de que la causa se torne en académica;
(e) el impacto sobre el interés público del remedio que se solicita, y
(f) la diligencia y la buena fe con que ha obrado la parte peticionaria.
Finalmente, la Regla 57.5 de Procedimiento Civil, supra, exige que la orden que emita el Tribunal para conce-der un injunction preliminar detalle en términos específi-cos las razones para su expedición, así como lo que prohíbe.
En el caso de referencia, se impugna la constitucionali-dad de la Ley Núm. 160-2013. Según la normativa aplica-ble, esta se presume constitucional y válida. Según el Art. 678(3) del Código de Enjuiciamiento Civil, supra, no podía ordenarse su paralización, pues no existe una sentencia final y firme que decrete que es inconstitucional o inválida. Tampoco se dan los requisitos para paralizarla mediante un injunction preliminar, pues hacerlo no era indispensable para hacer efectiva nuestra jurisdicción y no existe una determinación previa de que paralizar sus efectos evitaría un daño irreparable a la parte peticionaria.
Según el procedimiento establecido en la Resolución de 14 de enero de 2014, hubiéramos contado con el informe que del Comisionado Especial en o antes de 7 de febrero de 2014, lo cual nos hubiera permitido proveer un remedio oportuno antes del 15 de febrero de 2014, fecha límite para que los participantes del sistema de retiro en cuestión pre-sentaran su renuncia. Además, es preciso señalar que el propio inciso (a) de la Sección (4) de la ley en cuestión, en la cual la mayoría de este Tribunal basó su decisión de para-lizar los efectos de la ley, establece que “ [1] a Oficina de Gerencia y Presupuesto, en consulta con el Departamento de Educación, podrá prorrogar la fecha límite para notifi-car la renuncia, hasta la fecha que estime pertinente, pero *110 no más tarde del 30 de junio de 2014”. Siendo así, existe la posibilidad de que el Tribunal de Primera Instancia, en auxilio de su jurisdicción, ordene a la Oficina de Gerencia y Presupuesto que prorrogue esa fecha, ya sea a petición de la parte demandante o por allanamiento del Estado.
Incluso, si enmarcamos la paralización en la excepción dispuesta en el inciso (b) del Art. 678(3) del Código de En-juiciamiento Civil, supra, a saber, cuando se alegue una violación a los derechos constitucionales del peticionario, se incumple con el requisito básico de celebrar una vista antes de conceder el injunction preliminar. Véanse: Regla 57.2(b) de Procedimiento Civil, supra; Rivé Rivera, op. cit. Interpretar lo contrario equivale a que cualquier ciuda-dano podría detener la implantación de cualquier ley con meramente alegar una violación a sus derechos constitu-cionales.
La Resolución mayoritaria sostiene que no es necesario celebrar una vista evidenciaría cuando no existen contro-versias de hecho materiales y cita dos casos federales: Aoude v. Mobil Oil Corp., 862 F.2d 890 (1er Cir. 1988); Metro-Goldwin-Mayer Studios, Inc. v. Grokster, LTD., 518 F.Supp.2d 1197 (C.D. Cal. 2007). A nuestro entender, esos casos no aplican a la controversia ante nos por varias ra-zones: (1) eran casos entre partes privadas y no casos contra el Gobierno en los que se solicitara dejar sin efecto una ley que no ha entrado en vigor alegando que es inconstitucional; (2) Aoude v. Mobil Oil Corp., supra, trataba sobre los efectos de un contrato privado relacionado con la ope-ración de una estación de gasolina y no pretendía paralizar los efectos de una ley, y (3) en Metro-Goldwin-Mayer Studios, Inc. v. Grokster, LTD., supra, ya se había celebrado una vista y lo que se denegó fue una vista adicional previo a conceder un injunction permanente. En fin, los dos casos federales citados en la Resolución permiten por vía de ex-cepción conceder un injunction sin vista previa en casos entre partes privadas cuando el Tribunal cuenta con *111 prueba suficiente para ello, lo cual es distinguible del caso ante nos donde este Tribunal ordenó la celebración de una vista evidenciaría precisamente para recibir evidencia adicional.
Además, al considerar los factores enumerados en la Regla 57.3, supra, para decidir si procede la expedición de un injunction preliminar, es forzoso concluir que no procedía su expedición. Partiendo una vez más de que la propia Ley Núm. 160-2013 permitía prorrogar la fecha límite para que los participantes del Sistema de Retiro de Maestros anunciaran su renuncia, procede sostener que el daño no es irreparable y que la prórroga mencionada es un remedio adecuado en ley una vez celebrada la vista correspondiente.
Por último, la orden emitida por este Tribunal no cum-ple con los requisitos de contenido exigidos por la Regla 57.5 de Procedimiento Civil, supra, pues no detalla las razones para expedir el injunction preliminar ni el acto que prohíbe.
Al no estar presentes los requisitos indispensables que hemos señalado, lo que procede es reconsiderar la paralización de la Ley Núm. 160-2013. Mantener en efecto un injunction preliminar que nunca cumplió con los requeri-mientos de nuestro ordenamiento para su expedición equivale a un abuso arbitrario de nuestro poder. Además, denota inconsistencia en nuestro proceder, pues en el caso del Sistema de Retiro de la Judicatura, no paralizamos los efectos de la Ley Núm. 162-2013, a pesar de que esta tiene vigencia inmediata y podría afectar inmediatamente a los jueces en funciones. Tampoco paralizamos las leyes impugnadas en Trinidad Hernández et al. v. ELA et al., 188 DPR 828 (2013), y Domínguez Castro et al. v. E.L.A. I, 178 DPR 1 (2010), donde también se alegaron violaciones a derechos constitucionales. La prudencia y el derecho exigen declarar “con lugar” la Urgente Moción de Reconsideración.
*112 II
Respecto a los señalamientos hechos por el compañero Juez Asociado Señor Kolthoff Caraballo en cuanto a mis posiciones anteriores, reitero muy respetuosamente que la expedición o denegatoria de un recurso extraordinario de injunction preliminar no es una adjudicación en los méri-tos a favor de alguna parte ni se supone constituya un adelanto de nuestro criterio como Tribunal sobre la resolu-ción final de un caso. Véase Rivé Rivera, op. cit., pág. 18.
Es preciso señalar y aclarar que he sido consistente en favorecer que el Tribunal de Primera Instancia sea el que resuelva inicialmente este tipo de controversias. Así ocurrió en Trinidad Hernández et al. v. ELA et al., supra. De hecho, en Domínguez Castro et al. v. ELA I, supra, recalqué en mi disenso que se privó a las partes de un debido proceso de ley al no haberse celebrado una vista evidenciaría y en ningún momento favorecí la paralización de los efectos de la ley.
Hoy, mantengo mi posición, pues favorezco devolver el caso al Tribunal de Primera Instancia. Tengo plena con-fianza en que los jueces de la Sala de Recursos Extraordi-narios tienen la experiencia, la capacidad y los recursos para resolver este caso con rapidez y de forma que las par-tes puedan presentar sus respectivas posiciones. Estoy se-guro de que, recibida toda la prueba correspondiente, el foro primario emitirá con rapidez una decisión que la parte que esté inconforme podrá recurrir oportunamente tanto al Tribunal de Apelaciones como a este Tribunal. Será en ese momento que los miembros de esta Curia tendremos la responsabilidad de intervenir y resolver las controversias medulares de este caso de gran importancia tanto para las partes como para el país.
Bajo ninguna circunstancia estoy prejuzgando los méri-tos de la controversia ante nuestra consideración. En esta etapa procesal tan temprana en que se encuentra este caso, *113 la prudencia también aconseja que ningún miembro de este Tribunal adelante su criterio sobre las controversias planteadas. Por eso, nos abstenemos de emitir juicio al-guno sobre los méritos de este caso.
III
Por todo lo anterior, reconsideraríamos nuestra Resolu-ción del 14 de enero de 2014, dejaríamos sin efecto la cer-tificación intrajurisdiccional, devolveríamos el caso al Tribunal de Primera Instancia con órdenes de que lo atienda con premura y dejaríamos sin efecto la paralización de la Ley Núm. 160-2013. Por otra parte, denegaríamos la soli-citud de certificación intrajurisdiccional presentada por Educadores por la Democracia, Unidad, Cambio, Militan-cia y Organización Sindical, Inc.

 Véanse, por ejemplo: Nieves Huertas et al. v. ELA I, 189 DPR 611 (2013); Trinidad Hernández et al. v. ELA et al., 188 DPR 828 (2013); Alvarado Pacheco y *107 otros v. ELA, 188 DPR 594 (2013); Mundo Ríos v. CEE et al., 187 DPR 200 (2012); Santini Gaudier v. CEE, 185 DPR 522 (2012); Asoc. Fotoperiodistas v. Rivera Schatz, 180 DPR 920 (2011); Bomberos Unidos v. Cuerpo Bomberos et al., 180 DPR 723 (2011); UPR v. Laborde Torres y otros I, 180 DPR 253 (2010); Moreno v. Pres. U.P.R. II, 178 DPR 969 (2010).